IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| VERNON TRAMMELL, #120 859, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:14-CV-867-MHT |
| | ) | [WO] |
| MS. COPELAND, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Staton Correctional Facility ["Staton"] in Elmore, Alabama, files this *pro se* 42 U.S.C. § 1983 action alleging Defendants violated his Eighth Amendment right to adequate dental care and treatment in April and May of 2014. Doc. 1. The named defendants are Michele Sagers-Copeland, Dr. Marc Friduss, and Laura Ferrell. Plaintiff requests injunctive relief. Doc. 1.

Defendants filed a special report and supporting evidentiary materials addressing Plaintiff's claims for relief. In these documents Defendants argue Plaintiff's complaint is due to be dismissed because prior to filing this cause of action Plaintiff failed to exhaust properly an administrative remedy available to him through the prison system's medical care provider prior to initiation of this case. Doc. 15 at 12-14. Defendants base their exhaustion defense on Plaintiff's failure to follow the available required administrative procedures at Staton regarding the claims presented. *Id.*; *see also* Sagers-Copeland Affidavit and Exh. A – Part 2 at 61-63 of 63. In addition, Defendants maintain, and the evidentiary materials, including Plaintiff's medical/dental records, indicate that Plaintiff received appropriate dental treatment during the time relevant to the matters alleged in the complaint. *Id.*, Exh. A and Friduss Affidavit.

The court provided Plaintiff an opportunity to file a response to Defendants' special report in which he was advised, among other things, to "specifically address Defendants' argument that he [] failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA")." Doc. 19 at 1 (footnote omitted). The order advised Plaintiff his response should be supported by affidavits or statements made under penalty of perjury and other evidentiary materials. *Id*. at 3. This order further cautioned Plaintiff that unless "sufficient legal cause" is shown within ten days of entry of this order "why such action should not be undertaken, the court may at any time [after expiration of the time for his filing a response to this order] and without further notice to the parties (1) treat the special report and any supporting evidentiary materials as a [dispositive] motion . . . and (2) after considering any response as allowed by this order, rule on the motion in accordance with law." *Id.* at 3-4. To the extent Plaintiff's October 27, 2014, affidavit in support of his request for counsel is considered a response to Defendants' report, *see* Doc. 20, his response does not demonstrate there is any genuine issue of material fact. *See* Doc. 19 at 3.

The court will treat Defendants' special report as a motion to dismiss regarding the exhaustion defense and resolve this motions in favor of Defendants. *Bryant v. Rich*, 530 F.3d 1368, 1374-1375 (11th Cir. 2008) (internal quotations omitted) ("[A]n exhaustion defense ... is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment."); *see also Trias v. Florida Dept. of Corrections*, 587 Fed. App'x 531, 534 (11th Cir. 2014) (District court properly construed defendant's "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies....").

# I. STANDARD OF REVIEW

## A. Exhaustion

In addressing the requirements of 42 U.S.C. § 1997e about exhaustion, the Eleventh Circuit has

> recognized that "[t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court." *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam) (quoting *Freeman v. Francis*, 196 F.3d 641, 643-44 (6th Cir. 1999)). This means that "until such administrative remedies as are available are exhausted," a prisoner is precluded from filing suit in federal court. *See id*. (affirming dismissal of prisoner's civil rights suit for failure to satisfy the mandatory exhaustion requirements of the PLRA); *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999) ("reaffirm[ing] that section 1997e(a) imposes a mandatory requirement on prisoners seeking judicial relief to exhaust their administrative remedies" before filing suit in federal court), *modified on other grounds*, 216 F.3d 970 (11th Cir. 2000) (en banc); *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) (holding that under the PLRA's amendments to § 1997e(a), "[a]n inmate incarcerated in a state prison ... must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983"); *Harper v. Jenkin*, 179 F.3d 1311, 1312 (11th Cir. 1999) (per curiam) (affirming dismissal of prisoner's civil suit for failure to satisfy the mandatory exhaustion requirements of § 1997e(a)); *Alexander v. Hawk*, 159 F.3d 1321, 1328 (11th Cir. 1998) (affirming dismissal of prisoner's *Bivens* action under § 1997e(a) for failure to exhaust administrative remedies prior to filing suit in federal court).

*Leal v. Georgia Dept. of Corrections*, 254 F.3d 1276, 1279 (11th Cir. 2001). The Court has, therefore, determined that "the question of exhaustion under the PLRA [is] a 'threshold matter' that [federal courts must] address before considering the merits of the case. *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004). Because exhaustion is mandated by the statute, [a court has] no discretion to waive this requirement. *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998)." *Myles v. Miami-Dade County Correctional and Rehabilitation Dept.*, 476 Fed. App'x 364, 366 (11th Cir. 2012). The court will "resolve this issue first." *Id*.

"When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. 'If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.' *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008) (*citing Bryant*, 530 F.3d at 1373–74). If the complaint is not subject to dismissal at this step, then the court should make 'specific findings in order to resolve the disputed factual issues related to exhaustion.' *Id*. (*citing Bryant*, 530 F.3d at 1373-74, 1376)." *Myles*, 476 Fed. App'x at 366. A district court "may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing]. *See [Turner*, 541 F.3d at 1082]. The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record. *Bryant*, 530 F.3d at 1376." *Trias*, 587 Fed. App'x at 535.

## II. DISCUSSION

Plaintiff challenges the adequacy of dental care provided at Staton including delays in treatment and deficiencies in staffing, equipment, and dental facilities. In response to this claim, Defendants assert this case may be dismissed against them because Plaintiff did not exhaust properly the administrative remedy provided by the institutional medical/dental care provider prior to filing this complaint as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Doc. 32 at 6-7. As explained, federal law directs this court to treat Defendants' response as a motion to dismiss for failure to exhaust an administrative remedy and allows the court to look beyond the pleadings to relevant evidentiary materials in deciding the issue of proper exhaustion. *Bryant*, 530 F.3d at 1375.

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander*, 159 F.3d at 1325; *Woodford v. Ngo*, 548 U.S. 81 (2006). Moreover, "the PLRA exhaustion requirement requires proper exhaustion." *Id*. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings.... Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." *Id*. at 90-91, 93. The Supreme Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement ... by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting

until the grievance procedure is no longer available to her. *Id*. at 83-84; *Bryant,* 530 F.3d at 1378 (quoting *Johnson v. Meadows*, 418 F.3d 1152, 1158 (11th Cir. 2005) ("To exhaust administrative remedies in accordance with the PLRA, prisoners must 'properly take each step within the administrative process.'"); *Johnson*, 418 F.3d at 1157 (inmate who files an untimely grievance or spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA); *Higginbottom*, 223 F.3d at 1261 (inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion requirement). "The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint." *Smith v. Terry*, 491 Fed. Appx. 81, 83 (11th Cir. 2012) (*per curiam*).

In support of their motion to dismiss for failure to exhaust administrative remedies, Defendants attach the affidavit of Defendant Sagers-Copeland, the Health Services Administrator at Staton. Defendant Sagers-Copeland affirms that Staton has a grievance procedure for inmate complaints related to the provision of medical treatment at the facility. Defendant Sagers-Copeland affirms that inmates may voice complaints regarding any medical or dental treatment sought or received during their incarceration. The grievance process is initiated when an inmate submits a medical grievance form to the Health Services Administrator ["HSA"] through the institutional mail system. The HSA reviews and answers the grievance within ten (10) days of receipt of the medical grievance. The second step of the grievance process is submission of a formal grievance appeal at which time the inmate may be brought in for a one-on-one communication with the medical staff, the HSA, and/or the Director of Nursing. A written response to the formal grievance appeal is provided within approximately ten (10) days of receipt, and the inmate is provided with a copy of the completed form. Doc. 15, Sagers-Copeland Affidavit.

At the time of the actions about which Plaintiff complains, Ms. Sagers-Copeland, as HSA at Staton, handled inmate grievances regarding their medical care and was the record custodian for inmate grievances at the facility. She affirms that Plaintiff submitted three medical grievances and no medical grievance appeals regarding his medical and/or dental care and treatment while at Staton.[1] Doc. 15, Sagers-Copeland Affidavit and Exh. A – Part 2 at 61-63.

The court granted Plaintiff an opportunity to respond to the exhaustion defense raised by the medical defendants in their motion to dismiss. Plaintiff's response in no way refutes the medical defendants' assertion he failed to exhaust an available administrative remedy. *See* Doc. 20, Exh. A. The court, therefore, finds a grievance system is available at Staton for Plaintiff's claims, but he failed to exhaust the administrative remedy available to him. Plaintiff does not dispute his failure to submit any grievances and/or grievance appeals related to the provision of his medical and/or dental care at Staton regarding the matters alleged in the complaint.

The unrefuted record before the court demonstrates Plaintiff failed to properly exhaust an administrative remedy available to him at Staton regarding his allegations of inadequate dental care prior to seeking federal relief, a precondition to proceeding in this court on his claims. Accordingly, Defendants' motion to dismiss for failure to exhaust is due to be granted and such dismissal shall be without prejudice. *See Ngo*, 548 U.S. at 87-94; *Bryant*, 530 F.3d at 1374-1375 (dismissal for failure to exhaust an administrative remedy when the remedy remains available is not an adjudication of the merits and is without prejudice); *Woodford*, 548 U.S. at 87-94.

---

[1] Of the three medical grievances submitted by Plaintiff, only one concerned his dental care. Doc. 15, Exh. A – Part 2 at 62 of 63. A review of that grievance, however, reflects not only that it concerned a dental issue unrelated to the allegations of inadequate dental care and treatment presented in the instant action but was also submitted on April 30, 2012, more than two year before Plaintiff filed this complaint. *Id*.

## III. CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion to dismiss filed by Defendants (Doc. 15) be GRANTED to the extent Defendants seek dismissal of this case due to Plaintiff's failure to properly exhaust an administrative remedy prior to filing this case;

2. This case be DISMISSED without prejudice;

3. Judgment be ENTERED in favor of Defendants.

It is further

ORDERED that **on or before April 28, 2017**, the parties may file any objections to the Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the parties object. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 12th day of April, 2017.

    /s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE